UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
REGAN WEAL on behalf of herself
and all others similarly situated

                                           ECF CASE

                    Plaintiff,              07 CV 8223 (LAK)


                -against-


ARROW FINANCIAL SERVICES, INC.

                      Defendant.

-------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Regan Weal seeks redress for the illegal practices of Arrow Financial Services, L.L.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Household Bank.

4.    Upon information and belief, defendant is an active foreign corporation incorporated in Delaware with its principal place of business located in Illinois.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### Allegations Particular to Regan Weal

9.    On information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10.    On information and belief, on or about December 7, 2006 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes for Household Bank.

11.    Said letter states in pertinent part as follows: "We may report information aboutyour account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

-2-

12.    Upon information and belief, said statement contains false threats and deceptive

representations, inter alia, that the defendant does not report late payment or missed

payments or other defaults.

13.    Upon information and belief, defendant only reports that the matter is a collection

account.

14.    The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§

1692e(5), 1692e(8) and 1692e(10) for engaging in falsely threatening and deceptive

practices and for stating false credit information.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

15.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if

set forth fully in this cause of action.

16.    This count is brought on behalf of plaintiff and the members of a class.

17.    The Class consists of consumers who received the same form letter, as did the plaintiff.

18.    The Class consists of all persons whom Defendant's records reflect resided in the State

of New York or in the United States depending upon numerosity, and who were sent a

collection letter (a) bearing the defendant's letterhead in substantially the same form as

the letter sent to the plaintiff on or about December 7, 2006 (b) the collection letter was

sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was

not returned by the postal service as undelivered, (d) and that the letter contained

violations of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10).

19.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are

mass-mailed form letters, the class is so numerous that joinder of all members is

impracticable.

(B) There are questions of law and fact common to the class and these questions

predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters,

(*i.e.* the class members), a matter capable of ministerial determination from the records

of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the

same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The

plaintiff has retained counsel experienced in bringing class actions and collection-abuse

claims. The plaintiff's interests are consistent with those of the members of the class.

20.    A class action is superior for the fair and efficient adjudication of the class members'

claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated

individuals, whose rights will not be vindicated in the absence of a class action.

21.    Prosecution of separate actions by individual members of the classes would create the

risk of inconsistent or varying adjudications resulting in the establishment of

-4-

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23.     Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24.     The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

25.     Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 18, 2007

_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____

Adam J. Fishbein  (AF-9508)

-6-